## In re COHEN et al.

(Circuit Court of Appeals, Third Circuit. February 19, 1926. Rehearing Denied March 20, 1926.)

No. 3418.

Bankruptcy ⬲467—Master's failure to make findings held not reviewable on appeal from valid order setting aside order granting discharge improperly obtained.

Failure of master, to whom bankrupt's offer of composition had been referred, to make findings of fact which creditor desired to use in opposition to discharge, *held* not reviewable on appeal from concededly valid order setting aside order improperly obtained granting discharge.

Appeal from the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

In the matter of the bankruptcy of Abraham S. Cohen and another, individually and as copartners doing business as the Army & Navy Salvage Company. From an order accompanying the disposition of contempt proceedings against H. H. Weinberger and others, attorneys for bankrupts, vacating an order granting discharge which had been improperly obtained, the Endicott-Johnson Corporation, a creditor, appeals. Appeal dismissed.

Harold Remington, of New York City, for appellant.

Furst & Furst, of Newark, N. J., for appellee Van Cleve.

Collins & Corbin and Harry E. Walburg, all of Jersey City, N. J., for appellees Weinberger.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. At the hearing, it was plain that this motion to dismiss the appeal could be allowed on formal defects in the appellate proceeding. We endeavored, however, to ascertain the bearing of the motion on the highly confused record. In doing this, we heard the entire case on the merits. Desiring to quiet the appellant's concern, we shall so decide it.

A statement of the facts will, we think, dispose of the case. Somewhat disentangled, they are these:

Cohen and Janes, bankrupts, made an offer of composition which the court referred to a special master for report on its allowance or disallowance. With an eye to future proceedings for discharge and with the purpose of developing in the composition proceedings evidence for use in the discharge proceedings—on the theory that what is a bar to composition is equally a bar to discharge—a creditor (the appellant) opposed the confirmation. The master reported in favor of confirmation but in doing so he did not make findings which the creditor desired for future use. Before the report was confirmed the creditor obtained from the court an order remanding the reference to the master with directions to complete his work by making findings. While the matter was pending, the court by order permitted the bankrupts to withdraw their offer of composition. Their estates were then settled and distribution made by final dividends. The controversy, however, went on. The court set aside its order permitting the withdrawal of the offer of composition but made an order confirming in part a later report of the master denying composition. Then the bankrupts filed a petition for discharge. This was opposed by the creditor who, still desiring fact findings on the evidence produced in the composition proceedings for use in the discharge proceedings, moved for an order to make the master find facts. The court made such an order, staying the discharge proceedings. Notwithstanding one judge of the court had ordered a stay of the discharge proceedings pending the completion of the composition proceedings, the master made a report recommending the discharge, and counsel for the bankrupts—innocently, they say—went to another judge and obtained from him an order confirming the master's report and granting the discharge. In contempt proceedings which followed, these counsel were first adjudged guilty and then exonerated. Accompanying the disposition of the contempt proceedings the court entered an order vacating the order of discharge which had been thus improperly en-

tered. From the last order this appeal was taken.

. It should be noted that the appellant's action, preliminary and final, was all the time in opposition to the bankrupts' discharge. Yet by the order vacating the order allowing their discharge the proceeding for discharge was opened, and the appellant got what it wanted, and what it needed, in order effectively to oppose the discharge. We discover no error in this order appealed from —indeed, none is charged. Reversal is distinctly not wanted. The matter of which the appellant complains is not the order appealed from but the refusal of the master to finish the composition proceedings and furnish it with the evidence it desires for use against the discharge. The order of reference to the master, which is truly interlocutory, and his action thereunder are matters which have not been brought before us by this appeal; nor can they be reached through appeal from a concededly valid order. They are still in the bankruptcy court where they remain to be disposed of by that court—wholly without prejudice from the order we now make that the appeal be

Dismissed.

### On Petition for Rehearing.

PER CURIAM. On petition for rehearing the appellant makes a point—vital, of course, to the decision—that this court did not review the order actually appealed from but reviewed an entirely different order. The order named in the petition for allowance of an appeal—the only one in the case conceivably appealable in point of time— was the order of June 29, 1925, and that we reviewed. But that order (aside from costs) is addressed to two matters: (a) The vacation of an order allowing a discharge; and (b) denial of a motion holding attorneys for the bankrupts in contempt of court. The former was final; the latter purely interlocutory. Understanding that the appeal was from the final matter, we gave that part of the order our main consideration. If we were wrong in this, the result is the same; for, even if the contempt aspect of the order were appealable, we have, on examination, found no error committed by the court in refusing to hold the attorneys charged. Moreover, it is plain, as we stated in the opinion, that the motion to dismiss the appeal could, and should, be allowed on formal defects in the appellate proceeding.

The petition for rehearing is denied.